```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHRISTINE HAUPT O/B/O           )
WILLIAM A. MAININI,             )
        Plaintiff,              )
                                )  Civ. Action No. 16-10251-PBS
        v.                      )
                                )
CAROLYN W. COLVIN,              )
        Defendant.              )
```

## MEMORANDUM AND ORDER
March 31, 2017

SARIS, C.D.J.

For the reasons set forth below, the Court (1) denies the Defendant's Motion to Dismiss for Failure to Prosecute; and (2) refers this matter for appointment of pro bono counsel for Plaintiff William A. Mainini.

## BACKGROUND

On February 12, 2016, Christel Haupt filed, as guardian on behalf of her son William A. Mainini, a complaint seeking judicial review of the Appeals Council decision to require repayment of alleged overpayments. Plaintiff was allowed to proceed *in forma pauperis* and the complaint was served on the Defendant.

On June 1, 2016, the clerk erroneously issued a notice for a July scheduling conference and then promptly vacated the notice. The following day, on June 2, 2016, the clerk issued a Procedural Order that, among other things, directed defendant to serve and file an answer and a certified copy of the

administrative record.  The Procedural Order also directed plaintiff to serve and file a motion within 42 days after defendant files an answer.

The Defendant answered the complaint on September 9, 2016, and five months later moved to dismiss for lack of prosecution. Defendant avers that despite having sent Plaintiff a letter inquiring whether she would be filing a motion, Plaintiff did not respond or file such motion.

The following week, on February 14, 2017, Plaintiff promptly filed an opposition to the motion to dismiss.  In her opposition, Plaintiff avers that she was ill for some time.  She apologized for her late reply and asked for time to locate a pro bono attorney.

## DISCUSSION

Under Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action for plaintiff's failure to prosecute.  This rule reinforces the "inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders ...."  Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002).  Dismissal is "one of the most draconian sanctions" and ordinarily employed "'only when a plaintiff's misconduct is extreme.'"  Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir.

2003)); see also Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 81 (1st Cir. 2009).  As explained in Esposito:

> Dismissal as a sanction is reserved for cases of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstances. Concerns of fairness underlie this heightened standard, since the law favors disposition on the merits, and the non-compliant party should be given notice and an opportunity to be heard. Further, where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits.

Id. (internal quotation marks and citations omitted).

Considering these factors, I find dismissal inappropriate. First, Plaintiff is *pro se* and seemingly unfamiliar with federal court litigation.  Next, a certified copy of the administrative records record was to be filed by the Commissioner with her Answer, no later than sixty days after service of the Complaint. Here, the Court's records indicate that the administrative record has not been filed despite the fact that the Answer was filed on September 9, 2016.  Thus, the Court will deny the Motion to Dismiss for Lack of Prosecution.

Finally, the Court will construe Plaintiff's Opposition as a request for appointment of pro bono counsel for Plaintiff William A. Mainini.  The Court allows the appointment of counsel pursuant to 28 U.S.C. § 1915.

## **ORDER**

Based upon the foregoing, it is hereby Ordered that:

3

1.   Defendant's Motion (#17) to Dismiss for Lack of Prosecution is DENIED.  Within 14 days after the date of this Order, Defendant shall serve and file a certified copy of the administrative record, which may be in electronic form; and

2.   This matter is referred to the Court's Pro Bono Coordinator for the appointment of pro bono counsel for William A. Mainini.

SO ORDERED.

                                       /s/ Patti B. Saris
                                       PATTI B. SARIS
                                       CHIEF UNITED STATES DISTRICT JUDGE